Matter of Jennifer HH. v Alavanh II. (2025 NY Slip Op 06573)

Matter of Jennifer HH. v Alavanh II.

2025 NY Slip Op 06573

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-1448
[*1]In the Matter of Jennifer HH., Respondent,
v
Alavanh II., Appellant. (And Another Related Proceeding.)

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Karen A. Leahy, Cortland, for respondent.
Natalie B. Miner, Homer, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Broome County (Mark Young, J.), entered July 26, 2024, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of the subject child (born in 2013). Pursuant to an April 2021 separation agreement, which was subsequently incorporated but not merged into the parties' May 2022 judgment of divorce, the father and the mother shared joint legal custody of the child, with primary physical custody awarded to the father and significant parenting time to the mother. In May 2023, the mother filed, among other things, a modification petition seeking primary physical custody of the subject child with parenting time to the father, citing her move to Pennsylvania in late 2021 and the father's alleged attempts to alienate the child from her, among other grounds. Following a fact-finding hearing and a Lincoln hearing, Family Court found that the requisite change in circumstances had been demonstrated and that, upon review, the best interests of the child were served by granting the mother primary physical custody of the child, while affording the father parenting time every other weekend and on other occasions. The father appeals.
"A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Mary N. v Scott M., 218 AD3d 890, 891 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 943 [3d Dept 2024], lv denied 42 NY3d 905 [2024]). We disagree with the father's contention that the mother failed to demonstrate the requisite change in circumstances. Our review of the record reveals, and the father concedes, that the mother's move to Pennsylvania rendered the prior custody arrangement unworkable.[FN1] The record further indicates that the father at times took efforts to restrict the mother's communications with him and the child. Accordingly, Family Court properly proceeded with a best interests analysis (see Matter of Mary N. v Scott M., 218 AD3d at 891-892; Matter of LaBaff v Dennis, 160 AD3d 1096, 1096-1097 [3d Dept 2018]; Matter of Timothy N. v Gwendolyn N., 92 AD3d 1155, 1157 [3d Dept 2012]).
"In determining whether modification of a prior custody order will serve the best interests of the child, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-[*2]being" (Matter of Kelly AA. v Christopher AA., 240 AD3d 1011, 1013 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1081 [3d Dept 2024]). Where, as here, "the practical effect of granting a modification petition is relocation of the child, relocation must be considered within the framework of what custodial arrangement would serve the child's best interests" (Matter of Janaye D. v Zachary C., 240 AD3d 961, 962 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Alicia SS. v Andrew RR., 224 AD3d 1207, 1209 [3d Dept 2024]). "[A]lthough not determinative, the expressed wishes of the child are [also] some indication of what is in his or her best interests, considering his or her age, maturity and potential to be influenced" (Matter of David JJ. v Tara KK., 240 AD3d 984, 986 [3d Dept 2025] [internal quotation marks and citations omitted]). In reviewing a best interests determination, "[t]his Court accords great deference to Family Court's factual findings and credibility determinations, and will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Barrett LL. v Melissa MM., 224 AD3d at 943 [internal quotation marks and citations omitted]; see Matter of Matthew L. v Sierra N., 229 AD3d 866, 868 [3d Dept 2024], lv denied 42 NY3d 907 [2024]).
The testimony adduced at the fact-finding hearing reflects that the child had been doing well academically in the father's care, and that both parents appear to be loving and supportive of the child's various interests. Further, both parents reside with extended family, to the child's apparent benefit, although the child is able to spend time with her half siblings when at the mother's home. Likewise, it was anticipated that the child would be able to continue to pursue her interests where the mother resides in Pennsylvania. The record reflects, however, that the mother attended the child's school events and medical visits, despite living hours away, whereas the father admitted to not having taken the child to her regular pediatrician in over three years and instead relied upon the child's school for her annual physical. As to the child's school-related and extracurricular activities, the father relied upon others for transportation given his lack of a driver's license as a result of an alcohol-related driving conviction, albeit one that had occurred more than 10 years prior. In this regard, the father admitted in his testimony that he had resumed consuming alcohol roughly six months prior to the hearing. Moreover, despite the father's assertions to the contrary, the mother testified that she observed the child on multiple occasions to be improperly clothed for the weather and generally lacking in hygiene. The mother similarly averred that when she had approached the father about whether there was proper heating in the child's bedroom during the winter months[*3], the father dismissed her concerns.
Most significantly, Family Court found that the mother credibly testified as to multiple incidents in which the father spoke poorly of her in the child's presence and of his actions to restrict her access to the child in school and to communicate with him and the child for an extended period of time. In this regard, the father denied having intentionally kept the child home from school to evade the mother's planned lunchtime visit but admitted to temporarily restricting the mother from contacting him on his phone and social media. Although the father asserted that the mother could still contact the child, he admitted at the hearing that he had still not provided the mother with the child's new phone number because he was setting up the new device, which he had gotten "just three weeks" earlier. To the extent that the father denied the mother's various accusations and offered a contrary account of events, the court credited the mother's testimony over that of the father.
Considering the foregoing and deferring to Family Court's credibility assessments, we find a sound and substantial basis in the record supporting the transfer of primary physical custody to the mother with parenting time to the father. Significantly, the court found credible evidence of the father's attempts to distance the mother from the child, demonstrating that he was less committed than the mother to fostering healthy parent-child relationships (see Matter of Janaye D. v Zachary C., 240 AD3d at 963-964; Matter of Barrett LL. v Melissa MM., 224 AD3d at 944; Matter of Mary N. v Scott M., 218 AD3d at 892-893; Matter of Joshua XX. v Stefania YY., 218 AD3d 893, 899 [3d Dept 2023]). Contrary to the father's related arguments, we find that the court provided him with regular and meaningful access to the child throughout the school year and during holidays and summer vacation, including by requiring the mother to provide transportation for visitation (see Matter of Michael M. v Makiko M., 238 AD3d 1304, 1307 [3d Dept 2025]). Although not determinative, we note that the attorney for the child supports granting primary physical custody to the mother and scheduled parenting time to the father, with additional time to the father as the parties may agree (see Matter of Carla UU. v Cameron UU., 227 AD3d 1257, 1261 [3d Dept 2024]; Matter of Tara DD. v Seth CC., 214 AD3d 1031, 1035 [3d Dept 2023]). The father's remaining arguments, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Garry, P.J., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father raises arguments related to the timing of the mother's move, noting that she moved prior to the parties' judgment of divorce. Nevertheless, the record reflects that the move occurred after the parties developed the custodial arrangement in their 2021 separation agreement, which was later incorporated but not merged into the judgment of divorce without alteration (compare Matter of David BB. v Danielle CC., 216 AD3d 1281, 1283 [3d Dept 2023]).